**AFFIRMED; Opinion Filed December 4, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01565-CR

**DOMINIC RAUL SANCHEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-10-53887-I**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Appellant Dominic Sanchez appeals from the judgment revoking his probation and adjudicating him guilty of injury to a child and his accompanying sentence of seven years imprisonment. In his sole issue, appellant contends that he is entitled to a new trial under TEX. R. APP. P. 34.6(f). We affirm.

### BACKGROUND

Sanchez was charged with having committed injury to a child by using an unknown object to cause bruises and broken bones on his seven-month-old daughter. Pursuant to the terms of a plea agreement, Sanchez pled guilty to the offense charged and executed a judicial confession. In exchange, the State agreed to deferred community supervision for ten years and a $2,000 fine. After a hearing on December 10, 2010, the trial court entered an order which assessed a $2,000

fine and a ten-year term of deferred adjudication community supervision against Sanchez. The reporter's record from this hearing is missing.[1]

In October 2012, the State filed a motion to proceed with adjudication of guilt alleging that Sanchez had tested positive for marijuana, failed to report to his community supervision officer for several months, failed to pay court costs and fines, and did not participate in various programs, classes and evaluations. After Sanchez pled true to the State's revocation allegations, the trial court heard Sanchez's testimony and subsequently granted the State's motion. The trial court sentenced Sanchez to imprisonment for a period of seven years.

On direct appeal, Sanchez contends he is entitled to a new trial pursuant to TEX. R. APP. P. 34.6(f). More specifically, Sanchez argues that he is entitled to a new trial because the lost reporter's record prevents him from effectively raising or arguing certain issues on appeal.[2]

## ANALYSIS

Rule 34.6(f) provides as follows:

(f) *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:

    (1) if the appellant has timely requested a reporter's record;

    (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . . .

    (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, *is necessary to the appeal's resolution*; and

---

[1] The reporter's record for this hearing is missing. Pursuant to an order of this Court, a hearing was held after which the trial court found: (1) trial defense counsel did not waive a court reporter; (2) the record does not reflect who the reporter was, but it was not the official court reporter; (3) neither the trial judge nor the prosecutor nor defense counsel have any recollection as to the identity of the court reporter; (4) appellate counsel properly requested the reporter's record for the hearing to be included in the appellate record; (5) the reporter's record cannot be reproduced; (6) appellant is not at fault; and (7) the parties cannot agree on a substitute record as no person recalls what occurred.

[2] Appellant specifically raises the voluntariness of his plea and the effectiveness of his counsel but notes that there "may have been other issues" raised during the original plea hearing.

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties . . . .

(emphasis added). As stated in the Rule itself, an appellant is only entitled to a new trial if the lost or destroyed reporter's record is necessary to resolution of the appeal. The Court of Criminal Appeals has held that a defendant placed on deferred adjudication must appeal issues relating to the original deferred adjudication proceeding when the deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) ("[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed."), *Daniels v. State,* 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (en banc) ("[T]he reporter's record from the original deferred adjudication proceeding is not necessary to this appeal's resolution since appellant cannot now appeal *any issues* relating to the original deferred adjudication proceeding.") (emphasis added).[3] In this instance, Appellant did not appeal the alleged issues relating to his original deferred adjudication proceeding after his deferred adjudication was first imposed in December 2010. Instead, appellant raised these issues for the first time following his adjudication of guilt almost two years later.

Based on the foregoing, we conclude that the reporter's record from the original plea hearing is not necessary to this appeal because appellant cannot now appeal any issue relating to the original proceeding. *Id.* Accordingly, we have no jurisdiction over the appellant's lost reporter's record claim and dismiss this issue for want of jurisdiction.

---

[3] *See also Clark v. State,* 997 S.W.2d 365, 368 (Tex. App.—Dallas 1999, no pet.); *Fitzgerald v. State*, No. 05-12-00541-CR, 2013 WL 2446286, at *2 (Tex. App.—Dallas June 4, 2013, no pet. h.) (dismissing appeal for want of prosecution because the reporter's record from the original plea hearing is not necessary to resolution of the appeal because appellant cannot now appeal any issues relating to the original proceeding).

**CONCLUSION**

We resolve appellant's sole issue against him and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE




Do Not Publish
TEX. R. APP. P. 47
121565F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMINIC RAUL SANCHEZ, Appellant

No. 05-12-01565-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-10-53887-I.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of December, 2013.

/David Evans/
DAVID EVANS
JUSTICE